VERSO LAW GROUP LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
RYAN BRICKER (State Bar No. 269100)
209 Kearny Street, Third Floor
San Francisco, California 94108
Telephone:   (415) 534-0495
Facsimile:    (270) 518-5974
Email:         greg.gilchrist@versolaw.com
                   ryan.bricker@versolaw.com

Attorneys for Plaintiff
PATAGONIA, INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PATAGONIA, INC.,<br><br>       Plaintiff,<br><br>   v.<br><br>THE FRATTY GUARD, LLC,<br><br>       Defendant. | Case No. 2:22-cv-1957<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMAND** |

This lawsuit is necessary to stop The Fratty Guard, LLC, from infringing, misusing, and trading on Patagonia, Inc.'s famous trademarks.  Defendant is selling apparel and other products bearing nearly-identical copies of Patagonia's P-6 logo design, replacing Patagonia's PATAGONIA trademark with Defendant's own "Part Time" name and mark.  To prevent further damage to Patagonia and its brand, Patagonia alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Patagonia, Inc. ("Patagonia") is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001.  Patagonia has been designing, developing, marketing, and selling outdoor apparel, accessories, and active sportswear for nearly fifty years.  Patagonia's PATAGONIA brand and P-6 logo are famous in the United States and around the world, and instantly recognized

1  by consumers as a symbol of innovative apparel designs, quality products, and

2  environmental and corporate responsibility.

3       2.    The Fratty Guard, LLC aka The Fratty Guard ("Fratty Guard") is a

4  Virginia limited liability company with its principal place of business at 4401 4th

5  Street,  #150, North Arlington, Virginia 22203.

6       3.    Fratty Guard offers, promotes, and sells products that infringe

7  Patagonia's intellectual property rights through a variety of channels, including

8  online through its website at https://www.thefrattyguard.com/ and its social media

9  accounts, including its @frattyguard Twitter account and @thefrattyguard Instagram

10 account.

11      4.    Patagonia's trademark claims arise under the Trademark Act of 1946

12 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006

13 (15 U.S.C. §§ 1051, *et seq.*).  Patagonia's claims for copyright infringement arise

14 from Fratty Guard's infringement of Patagonia's exclusive rights under the United

15 States Copyright Act (17 U.S.C. §§ 101, *et seq*.).  This Court has jurisdiction over

16 such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair

17 competition), 17 U.S.C. § 501 (copyright), 28 U.S.C. § 1331 (federal question), and

18 15 U.S.C. § 1121 (Lanham Act).  This Court has jurisdiction over the state law

19 claims under 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. § 1332

20 (diversity).

21      5.    This Court has personal jurisdiction over Defendant because Defendant

22 has purposefully availed itself of the privilege of doing business in this district.

23 Defendant sells and ships its infringing products to customers in this district.

24 Defendant advertises and promotes its infringing products to purchasers in

25 California and this district through its website and social media accounts, which are

26 accessible to residents of this district.  Further, Defendant also has directed its

27 conduct into this district, including individually targeting Patagonia, a corporation

28 with its principal place of business in this district, by infringing its trademarks and

copyrights.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant infringes Patagonia's intellectual property in this district, transacts business in this district, and a substantial part of the events giving rise to the claims asserted arose in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### The History of Patagonia

7. Patagonia was founded in the late 1960s to design and sell climbing clothes and other active sportswear. The company adopted the brand "PATAGONIA" to differentiate another business that designed and manufactured climbing gear and tools. PATAGONIA was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos, and condors. Since at least 1973, the PATAGONIA brand has appeared on a multi-colored label inspired by a silhouette of the jagged peaks of the Mt. Fitz Roy skyline (the "P-6 logo").

8. In the nearly-fifty years since Patagonia's business started, the PATAGONIA brand and its P-6 logo have become among the most identifiable brands in the world. Patagonia's products now include a wide range of apparel products and equipment, including technical products designed for climbing, skiing and snowboarding, surfing, fly fishing, and trail running, as well as sportswear, which are sold around the world.

9. Over the years, Patagonia has been recognized and honored for its business initiatives, including receiving the Sustainable Business Counsel's first "Lifetime Achievement Award." In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia began the exclusive use of organically grown cotton and has continued that use for more than twenty years. It was a founding member of the Fair Labor Association®, which is an independent multi-stakeholder verification and

training organization that audits apparel factories.  Additionally, since 1985 Patagonia has pledged 1% of sales to environmental groups to preserve and restore our natural environment, donating more than $100 million to date.  In 2002, Patagonia's founder, Yvon Chouinard, along with others, created a non-profit called 1% For the Planet® to encourage other businesses to do the same.  Today, more than 1,200 member companies have donated more than $150 million to more than 3,300 nonprofits through 1% For the Planet.  In 2012, Patagonia became one of California's first registered Benefit Corporations, ensuring Patagonia could codify into its corporate charter consideration of its workers, community, and the environment.  In 2016, Patagonia pledged to donate all revenue from sales on Black Friday, donating $10 million to environmental grantees in response to customers' purchases on that day.  In 2018, Patagonia pledged an additional $10 million in grants to environmental groups in response to recent tax cuts given to businesses. Over the course of two weeks in December 2019, Patagonia matched another $10 million in donations to environmental and other grassroots organizations.

**Patagonia's Trademarks**

10.  Patagonia owns numerous registrations for its distinctive P-6 logo and PATAGONIA trademark, covering a wide-ranging assortment of products.  Among these are the following U.S. trademark registrations:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402 / Feb. 9, 1982 | Men's and Women's Clothing-Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods and Rainwear. | 08/1974 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
|  | 1294523 / Sept. 11, 1984 | Men's, Women's and Children's Clothing-Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts and Belts | 08/1974-1981 |
|  | 1547469 / July 11, 1989 | Men's, Women's and Children's Clothing- Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, Suspenders, and Belts | 08/1974-1981 |
|  | 1775623 / June 8, 1993 | Luggage back packs, and all-purpose sports bags | 08/1988 |
| **PATAGONIA** | 1811334 / Dec. 14, 1993 | Luggage, back packs, fanny packs and all-purpose sport bags, footwear, ski bags and ski gloves | 08/1990 |
| **PATAGONIA** | 2260188 / July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; Providing information in the field of technical clothing and accessories for use in recreational, sporting and leisure activities; providing information in the field of existing and evolving environmental issues | 10/1995 |
| **PATAGONIA.COM** | 2392685 / Oct. 10, 2000 | On-line retail store and mail order services featuring technical clothing, footwear, and accessories; Computer services in the nature of on-line information related to the environment and clothing | 10/1995 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 2662619 / Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage and a wide variety of sporting goods and accessories | 06/1986 |
| **PATAGONIA** | 5491401 / June 12, 2018 | Reusable bottles sold empty; insulated containers for food or beverage for domestic use; cups, mugs and growlers | 09/2014 |
| **PATAGONIA** | 5561006 / Sept. 11, 2018 | Stickers; paper banners; fiction and non-fiction books on a variety of topics; posters; non-magnetically encoded gift cards; photographs | 12/1991 |

These registrations for the PATAGONIA mark and logos are in full force and effect.  The registrations have become incontestable under 15 U.S.C. § 1065.  A color image of the P-6 logo follows:



Collectively, these marks, Patagonia's other registered trademarks, and its common law marks are referred to as the "PATAGONIA trademarks."  Patagonia also owns a registered copyright (Registration No. VA 1-801-788) for the P-6 logo.

11.    The PATAGONIA trademarks are distinctive, arbitrary and fanciful, entitled to the broadest scope of protection, and certain of the PATAGONIA trademarks are registered worldwide.

12.    For many years prior to the events giving rise to this Complaint and continuing to the present, Patagonia annually has spent enormous amounts of time,

money, and effort advertising and promoting the products on which its PATAGONIA

trademarks are used.  PATAGONIA brand products are advertised in a variety of

contexts and media, including in print and on the Internet.  In addition to advertising

by Patagonia, the PATAGONIA trademarks are also advertised and promoted and

presented at point of sale by numerous retailers.  Consumers, accordingly, are

exposed to the PATAGONIA trademarks in a wide range of shopping and post-sale

contexts.

13.     Patagonia has sold its PATAGONIA brand products all over the world,

including throughout the United States and California.  Through its promotion and

investment in its brand and extensive sales, publicity, awards, and leadership in

sustainable sourcing practices, Patagonia has acquired enormous goodwill in its

PATAGONIA trademarks.  The PATAGONIA trademarks are famous within the

meaning of the Trademark Dilution Revision Act, enjoy strong consumer

recognition, and are recognized around the world and throughout the United States

by consumers as signifying high quality products made by a responsible company.

**Defendant's  Infringement of Patagonia's Rights**

14.     In blatant disregard of Patagonia's rights in the PATAGONIA

trademarks – and without authorization from Patagonia – Defendant has promoted,

offered for sale, and sold products, including shirts, hoodies, drinkware, and

stickers, bearing designs and logos that are nearly identical to the P-6 logo, only

replacing Patagonia's PATAGONIA word mark with Defendant's "Part Time"

name and mark which, when rendered in Patagonia's distinctive font and stylization,

is similar in appearance to Patagonia's mark.  Defendant's designs and logos, and

the products bearing them, are referred to as the "Part Time Designs" and shown by

example in Paragraph 16 below.

15.     Removing any doubt that Defendant is using the infringing Part Time

Designs as its own trademark and designation of Defendant as a source – and

therefore co-opting Patagonia's famous trademark as its own – Defendant applied,

on October 13, 2021, for a trademark registration covering the first of the images shown in Paragraph 16, as used on stickers, bumper stickers, apparel, hats, and patches (Ser. No. 97/072,176).

16.    Examples of Defendant's products bearing the Part Time Designs follow:

| No. | | Part Time Designs |
|---|---|---|
| 1 | |  |
| 2 | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| 3 | |  |
| 4 | | |

5



17.    The Part Time Designs are substantially similar to the P-6 logo artwork, and nearly identical to the registered P-6 logo trademark, only replacing the PATAGONIA word mark with "Part Time."  Defendant's products bearing the Part Time Designs are identical to and compete directly with goods sold by Patagonia, including, shirts, hoodies, hats, and stickers.

18.    Defendant's use of the Part Time Designs has caused or will cause a likelihood of confusion among consumers regarding the source of Defendant's products, and whether Patagonia has sponsored, licensed, authorized, or is somehow affiliated with Fratty Guard.

19.    Defendant began using the Part Time Designs long after the PATAGONIA trademarks became famous.  The Part Time Designs have caused or are likely to cause dilution of Patagonia's famous and distinctive marks by diminishing their distinctiveness and singular association with Patagonia.  Patagonia has no alternative but to protect its goodwill and famous trademark by obtaining an injunction against Defendant's further use of the derivative trademark and designs.

20.    Patagonia is informed and believes that Defendant has marketed and

1  sold substantial quantities of products bearing the Part Time Designs, and has

2  profited and continues to profit from such sales.  There is no doubt that Defendant's

3  conduct has been willful.  Defendant adopted a mark and logo that copies the

4  PATAGONIA trademarks as part of its own branding.

5        21.    Defendant's actions have caused and will cause Patagonia irreparable

6  harm for which money damages and other remedies are inadequate.  Unless

7  Defendant is restrained by this Court, Defendant will continue expanding its illegal

8  activities and otherwise continue to cause irreparable damage and injury to

9  Patagonia by, among other things:

10          a.    Depriving Patagonia of its statutory rights to use and control

11  use of its trademark;

12          b.    Creating a likelihood of confusion, mistake, and deception

13  among consumers and the trade as to the source of the infringing products;

14          c.    Causing the public falsely to associate Patagonia with

15  Defendant and/or its products, or vice versa;

16          d.    Causing the public falsely to believe Patagonia has collaborated,

17  co-branded, or is otherwise associated with Fratty Guard and/or its "Part Time"-

18  branded products, or vice versa;

19          e.    Causing incalculable and irreparable damage to Patagonia's

20  goodwill and diluting the capacity of its famous PATAGONIA trademarks to

21  differentiate its products from those of its competitors;

22          f.    Causing incalculable and irreparable damage to Patagonia's

23  licensing and collaboration programs, and to Patagonia's ability to control its

24  brand partnerships and to associate itself with entities who are specifically

25  aligned to Patagonia's company mission; and

26          g.    Causing Patagonia to lose sales of its genuine PATAGONIA

27  products.

28        22.    Accordingly, in addition to other relief, Patagonia is entitled to

injunctive relief against Defendant.

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT

## (15 U.S.C. §§ 1114-1117)

23.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 22 of this Complaint.

24.     Defendant has used, in connection with the sale, offering for sale, distribution, or advertising of its products bearing the Part Time Designs, words and symbols that infringe upon Patagonia's PATAGONIA trademarks.

25.     These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

26.     As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover up to treble the amount of Defendant's unlawful profits and Patagonia's damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

27.     Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendant to stop use of the Part Time Designs, and any other mark or design similar to the PATAGONIA trademarks.

28.     Patagonia is entitled to an order directing the USPTO to refuse registration of Defendant's infringing logo, as shown in Serial No. 97/072,176.

## SECOND CLAIM

## FEDERAL UNFAIR COMPETITION

## (False Designation of Origin and False Description – 15 U.S.C. § 1125(a))

29.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 28 of this Complaint.

30.     Defendant's conduct as alleged in this Complaint constitutes the use of symbols or devices tending falsely to describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1).  Defendant's conduct is likely to cause

1   confusion, mistake, or deception by or in the public as to the affiliation, connection,

2   association, origin, sponsorship, or approval of the infringing products to the

3   detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).

4       31.    As a direct and proximate result of Defendant's conduct, Patagonia is

5   entitled to recover up to treble the amount of Defendant's unlawful profits and

6   Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. § 1117(a).

7       32.    Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a)

8   that requires Defendant to stop use of the Part Time Designs, and any other mark or

9   design similar to the PATAGONIA trademarks.

10                              **THIRD CLAIM**

11               **FEDERAL DILUTION OF FAMOUS MARK**

12   **(Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))**

13       33.    Patagonia realleges and incorporates by reference each of the

14   allegations contained in paragraphs 1 through 32 of this Complaint.

15       34.    Patagonia's PATAGONIA trademarks (including the P-6 logo) are

16   distinctive and famous within the meaning of the Trademark Dilution Revision Act

17   of 2006, 15 U.S.C. § 1125(c), and were famous prior to Defendant's adoption of the

18   copycat Part Time Designs.

19       35.    Defendant's conduct is likely to cause dilution of Patagonia's

20   PATAGONIA trademark by diminishing its distinctiveness in violation of the

21   Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

22       36.    As a direct and proximate result of Defendant's conduct, Patagonia is

23   entitled to recover up to treble the amount of Defendant's unlawful profits and

24   Patagonia's damages, and an award of attorney's fees under 15 U.S.C. §§ 1116(a),

25   1117(a), and 1125(c).

26       37.    Patagonia is entitled to injunctive relief pursuant to 15 U.S.C.

27   §§ 1116(a) and 1125(c) that requires Defendant to stop use of the Part Time

28   Designs, and any other mark or design similar to the PATAGONIA trademarks.

COMPLAINT
CASE NO. 2:22-cv-1957                                                    - 13 -

38.     Patagonia is entitled to an order directing the USPTO to refuse registration of Defendant's infringing logo, as shown in Serial No. 97/072,176.

### FOURTH CLAIM

### FEDERAL COPYRIGHT INFRINGEMENT

**(17 U.S.C. §§ 101, *et seq*., and 17 U.S.C. §§ 501, *et seq*.)**

39.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 38 of this Complaint.

40.     Patagonia owns the copyright in its P-6 logo, which is federally registered and was registered prior to Defendant's copying.

41.     Defendant has copied, advertised, offered for sale, and/or sold substantially similar copies of the P-6 logo without Patagonia's authorization or permission and in violation of Patagonia's exclusive rights in its copyright.

42.     Defendant's unlawful reproduction, advertisement, distribution, and/or sale of Patagonia's proprietary design constitutes copyright infringement.  Patagonia alleges that Defendant acted intentionally and in bad faith when it reproduced Patagonia's copyrighted work (in identical or substantially similar form), and advertised, distributed, displayed, and/or sold products bearing the Part Time Designs.

43.     Defendant's infringement alleged herein has caused and, if not enjoined, will continue to cause Patagonia to suffer irreparable harm for which there is no adequate remedy at law, and has also caused damage to Patagonia in an amount which cannot be accurately computed at this time but will be proven at trial.

44.     As a direct and proximate result of Defendant's conduct, Patagonia is entitled to injunctive relief, as well as actual damages and any profits earned by Defendant as a result of their infringement, or statutory damages of up to $150,000 for each work infringed, at Patagonia's election, pursuant to 17 U.S.C. § 504.

/ / /

/ / /

## FIFTH CLAIM

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## UNDER CALIFORNIA STATUTORY LAW

**(Cal. Bus. & Prof. Code §§ 14200 *et seq*.; Cal. Bus. & Prof. Code § 17200 *et seq*.)**

45.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 44 of this Complaint.

46.     Patagonia is the owner of numerous registrations for the PATAGONIA trademarks, as well as common law rights in those marks.

47.     Defendant is using a design that infringes upon Patagonia's PATAGONIA trademarks without the consent of Patagonia and in connection with the sale, offering for sale, distribution, or advertising of its products bearing the Part Time Designs.

48.     Defendant's infringement of Patagonia's PATAGONIA trademarks is likely to cause confusion, mistake, and deception as to the source of the origin of Defendant's offerings.

49.     Defendant uses the infringing Part Time Designs to enhance the commercial value of its offerings.

50.     Defendant's acts violate Patagonia's trademark rights under California Business & Professions Code §§14245 *et seq.*

51.     Defendant's conduct as alleged in this Complaint also constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code §§ 17200 *et seq.*

52.     Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendant from using the Part Time Designs, or any other mark or design that is likely to be confused with the PATAGONIA trademarks.

53.     Without injunctive relief, Patagonia has no means by which to control

1    the continuing injury to its reputation and goodwill or that of its PATAGONIA

2    trademarks.  Patagonia has been and will continue to be irreparably harmed.  No

3    amount of money damages can adequately compensate Patagonia if it loses the

4    ability to control its marks.

5        54.    Because Defendant's actions have been committed willfully,

6    maliciously, and intentionally, Patagonia is entitled to treble the amount of

7    Defendant's unlawful profits and Patagonia's damages under California Business &

8    Professions Code § 14250.

9                              **SIXTH CLAIM**

10           **TRADEMARK DILUTION UNDER CALIFORNIA LAW**

11                      **(Cal. Bus. & Prof. Code § 14247)**

12       55.    Patagonia realleges and incorporates by reference each of the

13    allegations contained in paragraphs 1 through 54 of this Complaint.

14       56.    Patagonia owns valid and protectable rights in its PATAGONIA

15    trademarks (including the P-6 logo).

16       57.    The PATAGONIA trademarks – registered marks in the state of

17    California – are distinctive and famous within the meaning of the California Model

18    State Trademark Law, Cal. Bus. & Prof. Code § 14247, in that it is a household

19    brand in California, and were famous prior to Defendant's adoption of the Part Time

20    Designs.

21       58.    Defendant's acts are likely to dilute the distinctive quality of the

22    PATAGONIA trademarks.  Defendant's acts therefore constitute trademark dilution

23    under California Business & Professions Code **§** 14247, the analogous statutes of

24    other states, and under California common law.

25       59.    Patagonia is entitled to monetary damages and injunctive relief

26    prohibiting Defendant from using the Part Time Designs, and any other mark

27    or design similar to the PATAGONIA trademarks.  Without injunctive relief,

28    Patagonia has no means by which to control the continuing dilution of the

COMPLAINT
CASE NO. 2:22-cv-1957

PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia for such harm.

60.    Because Defendant's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to treble the amount of Defendant's unlawful profits and Patagonia's damages under California Business & Professions Code § 14250.

## SEVENTH CLAIM
## TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW

61.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 60 of this Complaint.

62.    Patagonia owns valid and protectable rights in its PATAGONIA trademarks at common law.

63.    Defendant's conduct is likely to cause confusion, to cause mistake, or to deceive as to the source of goods offered by Defendant, or as to affiliation, connection, association, sponsorship, or approval of such goods and services, and constitutes infringement of Patagonia's PATAGONIA trademarks at common law.

64.    Defendant infringed Patagonia's PATAGONIA trademarks with knowledge and intent to cause confusion, mistake, or deception.

65.    Defendant's conduct is aggravated by that kind of willfulness, wanton-ness, malice, and conscious indifference to the rights and welfare of Patagonia for which California law allows the imposition of exemplary damages.

66.    As a direct and proximate result of Defendant's activities, Patagonia has suffered substantial damage.

67.    Unless restrained and enjoined, the conduct of Defendant will further impair the value of the PATAGONIA trademarks and Patagonia's business reputation and goodwill.  Patagonia has no adequate remedy at law.

68.    Patagonia is entitled to monetary damages and injunctive relief

prohibiting Defendant from using the Part Time Designs, and any other mark or design similar to the PATAGONIA trademarks.

69.    Without injunctive relief, Patagonia has no means by which to control the continuing injury to their reputation and goodwill or that of its PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

70.    Because Defendant's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to recover reasonable attorneys' fees and compensatory and punitive damages.

## **PRAYER FOR JUDGMENT**

WHEREFORE, Patagonia prays that this Court grant it the following relief:

1.    Adjudge that the PATAGONIA trademarks have been infringed by Defendant in violation of Patagonia's rights under 15 U.S.C. § 1114;

2.    Adjudge that the PATAGONIA trademarks have been infringed by Defendant in violation of California statutory law;

3.    Adjudge that Patagonia's common law rights in the PATAGONIA trademarks have been infringed;

4.    Adjudge that Defendant has competed unfairly with Patagonia in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

5.    Adjudge that Defendant has competed unfairly with Patagonia in violation of California statutory law;

6.    Adjudge that Defendant's activities are likely to dilute Patagonia's famous PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1125(c) and/or California law;

7.    Adjudge that Defendant has infringed Patagonia's copyright rights in its P-6 design;

8.      Adjudge that Defendant and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a.      Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble the PATAGONIA trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia, including, without limitation, any product or service that bears the Part Time Designs, or any other approximation of Patagonia's trademarks;

b.      Using any word, term, name, symbol, device, or combination that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendant or its products with Patagonia, or as to the origin of Defendant's goods, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising, or likely dilution of the PATAGONIA trademark;

c.      Further infringing the rights of Patagonia in and to its PATAGONIA trademarks, or otherwise damaging Patagonia's goodwill or business reputation;

d.      Further diluting the famous PATAGONIA trademarks;

e.      Otherwise competing unfairly with Patagonia in any manner;

f.      Further infringing Patagonia's copyright rights in its P-6 logo design, including by reproducing, distributing, or displaying such logo or any other logo or design that is substantially similar to the P-6 logo; and

g.      Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

9.      Order that registration of Application Serial No. 97/072,176 must be refused, and/or that any registration resulting from the application must be cancelled, and address its certified order to the USPTO, Office of the Solicitor, Mail Stop 8, Director of the USPTO, P.O. Box 1450, Alexandria, Virginia 22313;

10.     Adjudge that Defendant is prohibited from applying to register any other trademark or service mark which is likely to be confused with, or that dilutes the distinctive quality of, Patagonia's PATAGONIA trademarks;

11.     Adjudge that Defendant be required immediately to deliver to Patagonia's counsel its entire inventory of infringing products, including without limitation, patches and any other products, packaging, labeling, advertising and promotional material, and all plates, patterns, molds, matrices and other material for producing or printing such items, that are in its possession or subject to its control and that infringe Patagonia's trademarks as alleged in this Complaint;

12.     Adjudge that Defendant, within thirty (30) days after service of the Court's judgment, be required to file with this Court and serve upon Patagonia's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

13.     Adjudge that Patagonia recover from Defendant its damages and lost profits, and Defendant's profits, in an amount to be proven at trial;

14.     Adjudge that Defendant be required to account for any profits that are attributable to its illegal acts, and that Patagonia be awarded (1) Defendant's profits and (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus prejudgment interest;

15.     Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C. § 1117 shall be trebled;

16.     Adjudge that Patagonia recover from Defendant its damages based on Defendant's copyright infringement, or statutory damages at Patagonia's election;

17.     Order an accounting of and impose a constructive trust on all of

1  Defendant's funds and assets that arise out of its infringing, dilutive, and/or

2  breaching activities;

3          18.    Adjudge that Patagonia be awarded its costs and disbursements

4  incurred in connection with this action, including Patagonia's reasonable attorneys'

5  fees and investigative expenses; and

6          19.    Adjudge that all such other relief be awarded to Patagonia as this Court

7  deems just and proper.

8  DATED:  March 24, 2022      Respectfully submitted,

9                  VERSO LAW GROUP LLP

10

11                  By:  */s/Ryan T. Bricker*

12                        RYAN T. BRICKER

13                  Attorneys for Plaintiff
                   PATAGONIA, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2      Patagonia, Inc. demands that this action be tried to a jury.

3  DATED:  March 24, 2022          Respectfully submitted,

4                                 VERSO LAW GROUP LLP

5

6                                 By:   */Ryan T. Bricker*
                                        RYAN T. BRICKER
7

8                                 Attorneys for Plaintiff
                                  PATAGONIA, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28